IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDERNESS WATCH, ALLIANCE FOR THE WILD ROCKIES, GALLATIN WILDLIFE ASSOCIATION, and YELLOWSTONE TO UINTAS CONNECTION,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of Interior,<br><br>Defendant,<br><br>and<br><br>MONTANA DEPARTMENT OF FISH, WILDLIFE AND PARKS,<br><br>Defendant-Intervenor. | CV 23–77–M–DWM<br><br><br>ORDER |

The Montana Department of Fish, Wildlife and Parks ("Montana Fish, Wildlife, and Parks") seeks to intervene in this action as a matter of right pursuant

1

to Federal Rule of Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Doc. 17.) Plaintiffs take no position on the motion. Defendant United States Fish and Wildlife Service (the "Service") opposes intervention under Rule 24(a), but takes no position on intervention under Rule 24(b). Because intervention is appropriate under Rule 24(a), Montana Fish, Wildlife, and Parks' motion is granted.

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted).

On the first factor, timeliness, considerations include: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v.*

*Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quotation marks omitted). Here, the motion to intervene is timely. While there is a pending motion for preliminary injunctive relief, (*see* Doc. 6), no other substantive developments have occurred in the case and a briefing schedule has not yet been set.

On the second factor, a proposed intervenor must demonstrate that its asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quotation marks omitted). Montana Fish, Wildlife, and Parks—and its Commission—has a protectable interest as it is tasked under state law with the supervision, management, and regulation of fish and fish habitat within the state, including management of the arctic grayling. *See* Mont. Code Ann. §§ 87–1–201, 87–1–301. Relatedly, under the third factor, the potential disposition of this action may impair or impeded Montana's ability to manage the fisheries within its borders. Montana Fish, Wildlife, and Parks devoted substantial resources to the management of the arctic grayling in Montana, including partnering with the Service on this specific project and contributing to its funding.

Finally, the existing parties may not adequately represent Montana Fish, Wildlife, and Parks because, as part of the state government, the agency has distinct burdens and responsibilities. As emphasized by Montana Fish, Wildlife,

3

and Parks, the burden on this factor is a low one. *See W. Watersheds Project*, 22 F.4th at 840 ("The burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests may be inadequate." (quotation marks omitted)). And, Montana Fish, Wildlife, and Parks' statutory mandate—the stewardship of Montana's wildlife—is fundamentally different from the Service's obligations under the Wilderness Act. Intervention is therefore appropriate under Rule 24(a).[1]

Accordingly, IT IS ORDERED that Montana Fish, Wildlife, and Parks' motion to intervene (Doc. 17) is GRANTED. The caption is modified as reflected above. Montana Fish, Wildlife, and Parks shall re-file its answer as a separate docket entry.

IT IS FURTHER ORDERED that Montana Fish, Wildlife, and Parks' motion to amend their request for intervention (Doc. 20) is DENIED. Montana Fish, Wildlife, and Parks may file a response to Plaintiffs' pending motion for preliminary injunctive relief, (*see* Doc. 6), on or before July 21, 2023. However, that response shall not exceed ten (10) pages in length and may not be duplicative of the brief of, or include attachments already filed by, Plaintiffs or the Service.

---

[1] Even if this were not the case, intervention would be appropriate under Rule 24(b). The Court does not reach this issue, however, given the conclusion above.

4

Montana Fish, Wildlife, and Parks must also work with the Service to determine how to share the allotted twenty minutes of oral argument time. (*See* Doc. 11.)

DATED this 19th day of July, 2023.

_____ 14:45 P.M.
Donald W. Molloy, District Judge
United States District Court