IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDERNESS WATCH, ALLIANCE FOR THE WILD ROCKIES, GALLATIN WILDLIFE ASSOCIATION, and YELLOWSTONE TO UINTAS CONNECTION,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　Defendant,<br><br>and<br><br>MONTANA DEPARTMENT OF FISH, WILDLIFE, AND PARKS<br><br>　　Intervenor-Defendant. | Case No. 9:23-cv-00077-DWM<br><br>**STIPULATED VOLUNTARY DISMISSAL** |

　　The following stipulation ("Stipulation") is entered into by and between Plaintiffs Wilderness Watch, Alliance for the Wild Rockies, Gallatin Wildlife Association, and Yellowstone to Uintas Connection (collectively "Plaintiffs"), Federal Defendant the United States Fish and Wildlife Service ("FWS"), and Intervenor-Defendant Montana Department of Fish, Wildlife, and Parks:

WHEREAS, on June 1, 2023, FWS issued an Environmental Assessment ("EA") and accompanying Finding of No Significant Impact ("FONSI") pursuant to the National Environmental Policy Act regarding a project to improve the over-winter habitat for Arctic grayling in Upper Red Rock Lake in the Red Rock Lakes National Wildlife Refuge ("Refuge"), Montana, by increasing dissolved oxygen levels in the Upper Red Rock Lake with the goal of improving grayling winter survival and maintaining existing grayling genetic variation ("Project").

WHEREAS, FWS authorized the installation of a permanent pipeline in attempt to meet the goals of the Project in the Refuge that would connect the Shambow Pond to the Upper Red Rock Lake to deliver oxygenated water to the Upper Red Rock Lake during winter months in an attempt to improve conditions for the Artic grayling.

WHEREAS, Plaintiffs filed their Complaint in this action on June 26, 2023, ECF No. 1, alleging that FWS's authorization of the pipeline and other measures in support of grayling conservation efforts taken by FWS in the Refuge violated the Wilderness Act and the Administrative Procedure Act. *See* 16 U.S.C. § 1131; 5 U.S.C. § 706(2).

WHEREAS, On June 27, 2023, Plaintiffs filed a motion for preliminary injunction to enjoin groundbreaking activities for the pipeline. ECF No. 6.

WHEREAS, On August 2, 2023, the Court granted the Plaintiffs' motion for preliminary injunction and enjoined any Project-related construction activities or other prohibited activity within the Wilderness area. ECF No. 28.

WHEREAS, on September 13, 2023, the Regional Director of the Mountain-Prairie Region of FWS issued a notice of withdrawal of the decision that allowed the installation of the pipeline ("Notice of Withdrawal"), noting that FWS would not be taking further action on the pipeline as this time and that FWS will "focus on alternative conservation measures for Arctic grayling and continued stewardship of the Red Rocks Lake Wilderness under the Wilderness Act in collaboration with interested parties."

WHEREAS, FWS also noted in the Notice of Withdrawal that "[a]ny further action will be subject to additional analyses, with the appropriate public review and input." As such, if FWS identifies further actions to conserve arctic grayling related to the withdrawn Project, those activities will be subject to further environmental analysis and FWS anticipates that Plaintiffs will have the opportunity to participate in any public review processes, as appropriate.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the undersigned parties hereby stipulate to the voluntary dismissal of all claims in

Plaintiffs' Complaint. This dismissal shall be with prejudice.

2. The Parties except from their stipulated dismissal of claims the narrow issue of Plaintiffs' claim to recovery of attorneys' fees and costs from Defendants. Defendants reserve their right to contest Plaintiffs' entitlement to recover fees and the amount of any fees, and do not waive any objection or defenses they may have to Plaintiffs' request. The Equal Access to Justice Act ("EAJA") provides that a party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses. 28 U.S.C. § 2412(d)(1)(B); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (holding that "a final judgment . . . means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

3. Notwithstanding the dismissal of this action, the Parties agree that the Court will retain jurisdiction to resolve fees and costs, if necessary. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994). The Parties will seek to resolve any disputes related to fees and costs prior to the deadline for filing under EAJA.

Respectfully submitted this 25th day of September, 2023.

/s/*Andrew Hursh*
Andrew Hursh
Montana Bar #68127109
Wilderness Watch
PO Box 9175
Missoula, Montana 59807
Tel: 913-660-6034
andrewhursh@wildernesswatch.org
Attorney for Plaintiffs

TODD KIM
Assistant Attorney General
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief

*/s/Anthony D. Ortiz*
ANTHONY D. ORTIZ
Trial Attorney, (DC Bar 978873)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 307-1147; Fax | (202) 305-0275
E-mail: Anthony.D.Ortiz@usdoj.gov

*/s/Sarah Clerget, via email permission*
Sarah Montana Clerget
Montana Department of Fish, Wildlife and Parks
1712 Ninth Avenue
P.O. Box 201440
Helena MT 59260-1440
Tel:  406-444-4303
sclerget@mt.gov
Attorney for Intervenor-Defendant

Case 9:23-cv-00077-DWM   Document 38   Filed 09/25/23   Page 6 of 6